William O. Chapman v. Commissioner.
Chapman v. Commissioner
Docket No. 23416.
United States Tax Court
1951 Tax Ct. Memo LEXIS 108; 10 T.C.M. (CCH) 835; T.C.M. (RIA) 51260; September 7, 1951
*108 Held, respondent properly determined that petitioner sustained no deductible loss on the sale of certain shares of stock in the taxable year involved. William O. Chapman, pro se. William M. Fay, Esq., and Sanford M. Stoddard, Esq., for the respondent. LEECH Memorandum Findings of Fact and Opinion LEECH, Judge: This proceeding involves a deficiency in income tax for the calendar year 1944 in the amount of $159.85. The sole issue is whether petitioner sustained a deductible loss on the sale of certain shares of corporate stock. The case was submitted on the testimony of petitioner and exhibits. Findings of Fact Petitioner is a resident of the City of Washington, D.C. His return for the taxable period involved was filed with the collector of internal revenue at Baltimore, Maryland. On December 15, 1921 petitioner purchased six shares of the capital stock of Griswold Manufacturing Co. for a consideration of $600. On September 24, 1921 he purchased 100 shares of the capital stock of Chicago Penny Vending Co. for a consideration of $500. The last information petitioner received concerning either of such companies was in about 1925. He never received *109 any dividends. Petitioner had no knowledge as to whether either of the companies was still in existence in the taxable year. Petitioner made various inquiries of stockbrokers and others, but was not successful in obtaining any information about these companies. On December 27, 1944 petitioner sold the said shares to John H. Clarke, a customer's man with J. S. Bache & Co. and a personal friend, for the total consideration of one dollar. Petitioner paid no commission on the sale and did not attach stock transfer stamps. On his individual return for 1944 petitioner claimed a deduction of the sum of $549.50 as a long-term capital loss realized on the sale of the aforementioned shares of stock. The respondent denied the claimed loss in its entirety. Petitioner has not established that his shares of capital stock of either Griswold Manufacturing Co. or Chicago Penny Vending Co. were not worthless prior to the taxable year 1944. The purported sales of shares of stock of the Griswold Manufacturing Co. and Chicago Penny Vending Co. by petitioner to Clarke on December 27, 1944 were not bona fide sales entitling petitioner to a deductible loss. Opinion The question presented is whether *110 the petitioner is entitled to a long-term capital loss on the disposition of certain shares of stock in the taxable year involved. The burden of proving that a loss occurred during the year in which a deduction is sought is upon the petitioner. ; . The rule is also well established that if the stock became worthless prior to the taxable year the sale in a later year for a nominal sum does not give rise to a deductible loss. , certiorari denied, ; ; ; ; affd., . Petitioner has offered no evidence that the shares of stock here in question were not worthless many years prior to the taxable year here involved. He has had no information regarding those companies since 1925, and was unable to obtain any information about their finances or whether they were still in existence in 1944. Petitioner, we think, has failed to carry his burden *111 of showing that the shares were not worthless prior to the taxable year involved. The fact that he sold them for a consideration of one dollar does not prove that the shares were not valueless. Furthermore, we think, the evidence is convincing that the alleged sale was not a bona fide one and recognizable for tax purposes. The sale was not made at public auction or to a stranger in an arm's-length transaction, but was a transaction with a personal friend. The consideration paid was less than the cost of the stock transfer tax incurred on such a sale. It was obviously made for the sole purpose of securing a tax benefit. Such a transaction does not give rise to a recognized loss. The respondent's determination that petitioner sustained no deductible loss on the sale of the shares of the companies in question is sustained. Decision will be entered for the respondent.